Leopold J. GUNSTON, Plaintiff,

v.

The **UNITED STATES** of America et al., Defendants.

No. 42171.

United States District Court
N. D. California, S. D.

Nov. 3, 1964.

Neil Cunningham and Albert L. Boasberg, San Francisco, Cal., for plaintiff.

Jerome O. Hughey, Admiralty & Shipping Section, Justice Dept., San Francisco, Cal., for defendants.

SWEIGERT, District Judge.

This is an action under the Federal Tort Claims Act by a former civilian employee of the San Francisco Naval Shipyard, alleging, in effect, that the United States, through its employees in the Navy Yard, was negligent in failing to discover plaintiff's mental condition, and in failing to recommend that he be treated under Section 9 of the Federal Employees' Compensation Act (5 U.S.C. § 759).

The case comes before the Court upon defendant's motion for summary judgment under Rule 56. Defendant had previously made a motion to dismiss the complaint, but after a number of continuances that motion was taken off calendar by stipulation and never heard. It is, however, still before the Court. The motion for summary judgment is based upon the affidavit of Harren, filed August 27, 1964, and exhibits A–J attached thereto. Defendants also contend that their motion to dismiss has been converted into a motion for summary judgment by facts outside the pleading (Rule 12(b)), as set forth in plaintiff's opposition memorandum to the motion to dismiss filed July 13, 1964, containing a "Statement of Facts." Plaintiff's opposition to the motion for summary judg-

ment, filed October 19, 1964, is expressly based on his memorandum filed therewith.

It appears from this record that plaintiff was employed at the Naval Shipyard between December 27, 1956 and June 28, 1957; that on January 30, 1961, he commenced proceedings under FECA alleging that he was injured in the performance of his duties; that his injury was "emotional—psychosomatic" and that the cause of his injury was "pressure; working conditions (non-congenial and incompatible) trauma possibly aggravated by psychological shock and mistreatment by the 'Department Head' ".

On January 30, 1963, the Bureau of Employees' Compensation rejected the claim, finding that "the illness resulting in the disability for work was neither caused nor aggravated by injury sustained by the claimant while in the performance of his duties or by any condition imposed upon him by reason of his employment."

An appeal was taken to the Employees' Compensation Appeals Board whose decision, adverse to plaintiff was rendered September 27, 1963. The decision states "It is clear that appellant's mental illness pre-existed his Government employment and therefore was not caused by it * * The Board finds no error in any of the procedural aspects of the claim or in the Bureau's determination that the appellant's disabling condition was not proximately caused by the employment."

Thereafter, on March 6, 1964, plaintiff commenced this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) upon the theory, as stated in plaintiff's brief on motion to dismiss, that since plaintiff's injury has been found not to have arisen while in the performance of his duties, he may now seek recovery under the Tort Claims Act.

The Tort Claims Act provides for civil action against the United States for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The complaint, Para. VIII, accordingly alleges "that defendants failed and neglected to furnish or provide medical examination or treatment for plaintiff's injury and apparent disabling mental condition, as provided by Section 9 of the FECA," supra.

A "first amended complaint" filed July 24, 1964, does not substantially amend the original complaint except with respect to alleged diversity jurisdiction and prayer for damages.

Section 9, FECA (5 U.S.C. § 759 to which the present complaint refers) as it stood during the period with which we are concerned, provided that "For any injury sustained by an employee while in the performance of duty, whether or not disability has arisen, the United States shall furnish to the employee all services * * * which, in the opinion of the Secretary, are likely to cure or to give relief or to reduce the degree or the period of disability or to aid in lessening the amount of the monthly compensation."

Section 1, FECA (5 U.S.C. § 751) is a related section requiring the United States to pay compensation for the disability or death of an employee resulting from a personal injury sustained while in the performance of his duty.

Both of these duties, which the United States has assumed under the FECA, are limited to injury sustained by one of its employees "while in the performance of [his] duty".

The exclusive remedy for obtaining either medical service or disability compensation with respect to injury sustained while the employee is in the performance of his duty is the procedure prescribed by the FECA. Johansen v. United States, 343 U.S. 427, 439, 72 S.Ct. 849, 96 L.Ed. 1051.

The question arises whether the United States had any other legal duty to

352

examine, diagnose or treat plaintiff for his alleged disabling mental condition.

That the United States had such a duty with respect to any injury sustained by plaintiff while in the performance of duty is expressly provided by Section 9, FECA. Plaintiff's remedy for any violation of such was provided by the FECA— a remedy which he has already pursued to a decision adverse to him.

■ It is the law of California, the place where the alleged omission occurred, that except under the Workmen's Compensation Act, an employer is not liable for injuries to his employees arising in the course of their employment, unless some fault or negligence on his part proximately caused or aggravated the injury. (32 Cal.Jur.2d Master & Servant, Sec. 86).

■ For the purposes of the FTCA the United States is in the position of a private employer (FTCA, supra).

■ It is further the law of California that an employer is under no general duty to ascertain whether an employee is physically fit for the job or to diagnose or treat an employee for an injury which was not sustained while the employee was in performance of duty. (32 Cal.Jur.2d supra; McGuigan v. Southern Pacific Co., 112 Cal.App.2d 704, 247 P.2d 415, 423 (1952); see, also, Potter Title & Trust Co. v. Ohio Barge Line, Inc., 184 F.2d 432, 435 (3rd Cir. 1950).

■ Of course, if an employer undertakes to ascertain whether an employee is physically fit for the job or to diagnose or treat his condition, the employer is liable if he does so negligently. McGuigan v. Southern Pacific Company, supra.

■ The allegation of the complaint (Par. IV) that "on December 27, 1956, plaintiff submitted himself to a medical examination for employment as a civilian in the San Francisco Navy Yard and commenced work as an accountant on that date * * *" does not amount to an allegation that any such medical examination, even if undertaken by the United States, was negligently performed.

Nor are the allegations of the complaint (Pars. V, VI and VIII) to the effect that "thereafter" certain events "clearly indicated" to supervisorial personnel an "apparent" disabling physical and mental condition requiring investigation and examination by a doctor sufficient. As already stated, the United States had no duty to further examine, diagnose or treat a condition which was not sustained, i. e., neither caused nor aggravated, while plaintiff was in the performance of duty.

To the extent that any such condition was either caused or aggravated while plaintiff was in the performance of duty, his exclusive remedy was under the FECA.

There is no allegation whatever, and plaintiff does not contend, that the United States undertook, but negligently performed, any diagnosis or treatment of plaintiff. His allegations and his theory are merely to the effect that the United States failed to diagnose and treat him for an "injury" which, for the purposes of an action under FTCA, we must assume was *not* sustained while plaintiff was "in the performance of his duty."

For the foregoing reasons no genuine issue of material fact is shown either by the complaint, as already amended, or by the record, on motion for summary judgment.

The record shows without genuine dispute that the issue whether any physical condition of plaintiff "was caused or aggravated by any condition imposed upon him by his employment" has been found adversely to plaintiff in the previous FECA proceeding and is, therefore, res judicata between the parties.

Any claim of plaintiff in this action that his condition was caused or aggravated by any act or omission of the United States must necessarily have arisen out of some condition imposed upon him by his employment. That is the only relationship shown by the record between

plaintiff and the United States. In fact plaintiff's theory is that any act or omission of the United States stems from the provisions of Sec. 9 of the FECA (5 U.S.C. § 759), a statute dealing with the relationship between the United States and its employees.

If no act or omission of the United States caused or aggravated any condition of plaintiff, an issue now res judicata against plaintiff, he could not possibly prevail in the pending Tort Claims Action.

## STATUTE OF LIMITATIONS

It further appears that in any event, plaintiff's cause of action under FTCA is barred by 28 U.S.C. § 2401(b), which provides that a Tort claim against the United States must be begun within two years after such claim accrues.

The rule in the Ninth Circuit is that a tort cause of action in the nature of malpractice accrues "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged malpractice." Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962).

Although plaintiff has alleged that he was unaware of the nature and extent of his injury until on or after March 9, 1962, the record before the Court upon this motion shows beyond any genuine dispute that he was sufficiently aware of his illness in 1961 to file a claim for that illness under FECA on January 30, 1961.

In this most favorable view of the record plaintiff's claim was barred on January 30, 1963.

If the record be viewed in the more unfavorable light that any tort cause of action against the United States must necessarily have accrued while he was in the employment of the United States, his action would have been barred on June 28, 1959, two years after his last employment date as shown by the record without genuine dispute.

The motion of defendants for summary judgment is granted.